### DANIELS v. WAGNER.

(District Court, D. Oregon. March 18, 1912.)

#### No. 3,712.

Public Lands (§ 29*)—Forest Reserve—Exchange for Lieu Land—Vested Rights.

Complainant, owning certain land within a forest reserve, pursuant to Act Cong. June 4, 1897, c. 2, 30 Stat. 36 (U. S. Comp. St. 1901, p. 1541), authorizing a selection of other lands in lieu thereof, filed deeds conveying the reserved land to the United States, with the requisite abstracts of title, and at the same time selected certain land in controversy, which was then vacant unappropriated land of the United States, open to settlement. Before the applications for exchange had been accepted or acted on by the local land office, defendant applied to enter the land so selected under the Timber and Stone Act (Act June 3, 1878, c. 151, 20 Stat. 89 [U. S. Comp. St. 1901, p. 1545]). Held, that complainant, by filing the deeds to the forest reserve land, with his lieu land selection, did not thereby acquire a vested right to the lieu land so selected, until the selection had been approved by the Commissioner of the General Land Office, prior to which time such Commissioner had power to disapprove the selection and award the land to defendant under his timber and stone application.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 41–47; Dec. Dig. § 29.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by A. D. Daniels against Jesse E. Wagner. On demurrer to bill. Sustained.

Platt & Platt, for plaintiff.
F. H. Mills, for defendant.

BEAN, District Judge. This is a suit for a decree declaring the defendant to hold the legal title to certain real property in section 2, township 37 S., range 10 E., in trust for the plaintiff. The facts as they appear from the bill, in brief, are that on June 4, 1897, Congress passed an act providing, among other things:

"That in cases in which a tract covered by an unperfected bona fide claim or by a patent is included within the limits of a public forest reservation, the settler or owner thereof may, if he desires to do so, relinquish the tract to the government, and may select in lieu thereof a tract of vacant land open to settlement not exceeding in area the tract covered by his claim or patent." Act June 4, 1897, c. 2, 30 Stat. 36 (U. S. Comp. St. 1901, p. 1541).

By virtue of the provisions of this law there was filed on February 8, 1904, in the local land office, for and on behalf of the plaintiff, deeds by the owners of certain lands in the San Francisco Mountain forest reserve, accompanied by the requisite abstract of title, conveying such lands to the United States, and at the same time applications were made to select in lieu thereof the land in controversy; the same being at the time vacant, unappropriated lands of the United States, and open to settlement. Before, the applications for exchange had been accepted or acted upon by the local land office, or by it forwarded to or considered by the Commissioner of the General Land Office, the defendant applied to enter the lands so selected under the Timber and Stone Act (Act June 3, 1878, c. 151, 20 Stat. 89 [U. S. Comp. St. 1901, p. 1545]). Subsequently such proceedings were had in the Land Department that the applications were rejected, the entry of the defendant approved, and patent issued to him.

The plaintiff now claims that by filing the relinquishments in the local land office, and designating the tracts desired to be selected in lieu of that relinquished, he acquired a vested right or interest in the land so selected, which could not be impaired by subsequent applications to purchase the same under the Timber and Stone Act, and he seeks to invoke the rule applicable to homestead and pre-emption entries. I do not think the cases are at all analogous. The homestead and pre-emption laws were intended for the benefit of actual settlers, and so tender have the courts been of the rights of such settlers that, applying the doctrine that equity will consider that as done which ought to have been done, they have held that when a qualified entryman enters upon public lands open to settlement under the homestead or pre-emption laws, with the intent of acquiring title thereto, he has a vested right therein, of which he can only be deprived by his failure to comply with the conditions of the law, and that one to whom the Land Department may subsequently convey the title will be decreed to hold it in trust for the entryman. Lytle et al. v. Arkansas, 9 How. 314, 13 L. Ed. 153; Nelson v. N. P., 188 U. S. 108, 23 Sup. Ct. 302, 47 L. Ed. 406.

The act of 1897, under which plaintiff claims, however, merely signifies the willingness of the government to exchange vacant land open to settlement for an equal area of land within the limits of a forest reservation covered by a bona fide claim or patent, and no rights are acquired by the selector until his application for the exchange is approved. No method of procedure for effecting the exchange is provided by law. The general administration of the forestry reservation acts, however, and the adjudication of the various questions arising therein, are vested in the Land Department. It has power and authority to adopt, and has adopted, rules and regulations governing the procedure in relinquishing lands within a reservation and the selection of other lands in lieu thereof, of which the courts will take judicial knowledge. Cosmos Exploration Co. v. Gray Eagle Oil Co., 190 U. S. 301, 23 Sup. Ct. 692, 47 L. Ed. 1064. By the rules and regulations so formulated, one desiring to relinquish lands and select other lands in lieu thereof, where final certificate or patent has issued, is required to make a quitclaim deed to the United States for the land offered in exchange, have it recorded in the proper county, and file the same (accompanied by an abstract of title duly authenticated, showing a chain of title from the government back to the United States, to the property offered) in the local land office, and at the same time designate the particular tract which he desires in lieu of that relinquished.

"All applications for change of entry or settlement under this law must be forwarded by the local land officers to the Commissioner of the General Land Office for consideration, together with a report as to the status of the land applied for." William S. Tevis, 29 Land Dec. Dep. Int. 575.

There is some language of Judge Ross in Olive L. & D. Co. v. Olmstead (C. C.) 103 Fed. 568, which is susceptible of the construction that the selector of lands under the act of 1897 becomes the equitable owner thereof upon the filing of his deed of relinquishment and notice of selection in the local land office and the acceptance thereof by such office; but in the subsequent case of the Cosmos Ex. Co. v. Gray Eagle Oil Co. (C. C.) 104 Fed. 20, the learned judge explains that the Olive Case was decided without reference to the rules of the Land Department regulating the procedure of applicants for exchange of lands under the act of 1897, and in the latter case he holds that under the rules so promulgated the local land office has no authority to approve a selection, but is required to refer the question to the General Land Office for its consideration, and that the selector has no vested interest in the land selected by him until the application is approved by the Land Department.

This ruling was affirmed by the Court of Appeals (Cosmos v. Gray Eagle, 112 Fed. 4, 50 C. C. A. 79, 61 L. R. A. 230), and by the Supreme Court (Cosmos v. Gray Eagle, 190 U. S. 303, 23 Sup. Ct. 692, 24 Sup. Ct. 860, 47 L. Ed. 1064). In the latter case the court said that the complete equitable title of the selector is not "made out and cannot exist until a favorable decision by that department (General Land Office) has been made regarding the sufficiency" of the proof and his right to the selected land, and that "there must be a

decision made somewhere regarding the rights asserted by the selector of the land under the act before complete equitable title to the land can exist; the mere filing of papers cannot create such a title; the applicant must comply with and conform to the statute, and the selector cannot decide the question for himself"; and that authority to determine whether the selector has complied with the provisions of the act and the regulations of the department is not vested in the local land officers, but in the Commissioner of the General Land, Office, and, until he has approved the application, the selector is not vested with the equitable title to the land he assumes to select.

Under this rule, it seems to me that the plaintiff acquires no title or right to the land selected by him by the mere filing of his application, and that it was within the power and jurisdiction of the Land Department to reject the same and award the land to a subsequent entryman under the Timber and Stone Act, and as a consequence that the plaintiff is not entitled to the relief prayed for in his bill.

The demurrer will be sustained.