PAYNE, SECRETARY OF THE INTERIOR, ET AL.
v. UNITED STATES EX REL. NEWTON.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF
COLUMBIA.

No. 123.   Argued December 16, 1920.—Decided March 14, 1921.

1. After the lapse of two years from the date of the issuance of a receiver's receipt upon a final entry under the homestead law, if no contest or protest against the validity of the entry be then pending, the Land Department is required, by § 7 of the Act of March 3, 1891, to issue a patent for the land. P. 442. Lane v. Hoglund, 244 U. S. 174.
2. The purpose of this provision is to give the entryman, after the time limited, the advantage of the patent and legal title and thus transfer any later controversy over the validity of the entry from the department to the courts. P. 444.
3. The duty to issue the patent is not suspended by the initiation after the two years have elapsed of proceedings in the department to

cancel the entry and in the District Court to cancel the final certificate and receipt, upon the ground of fraud.  P. 444.

48 App. D. C. 547, affirmed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Garnett,* with whom *Mr. Assistant Attorney General Nebeker* and *Mr. H. L. Underwood,* Special Assistant to the Attorney General, were on the briefs, for plaintiffs in error:

A writ of mandamus should not issue in this case, in view of the pendency of the suit in equity brought to cancel for fraud the receipt and certificate issued on relator's entry. *Knight* v. *United States Land Association,* 142 U. S. 161, 178; *Turner* v. *Fisher,* 222 U. S. 204; *Power* v. *Rose,* 219 Illinois, 46, 58, 59.

To require the Government to wait until patent issued before bringing suit to vindicate its rights might result in serious embarrassment. It might, for instance, be urged in defense of such a suit that the Government passed title to the land when it knew of the fraud as fully and completely as it did when it brought its suit. Again, the right of a transferee might intervene to the prejudice of the Government's right to recover the land. *Duncan Townsite Co.* v. *Lane,* 245 U. S. 308, 312.

The relator being guilty of fraud, is not entitled to relief by mandamus. High, Extraordinary Legal Remedies, 3d ed., § 26; *Duncan Townsite Co.* v. *Lane, supra,* 311, 312.

The proviso to § 7 of the Act of March 3, 1891, does not bar action by the Secretary of the Interior in cases of fraud. Distinguishing *Lane* v. *Hoglund,* 244 U. S. 174.

The solicitude of Congress in the enactment of the legislation was for the *bona fide* claimant. To interpret it otherwise would be to impute to Congress a purpose to condone and reward fraud.

A further indication that the proviso was not to apply when fraud was shown is in the language of the preceding portion of § 7, providing for issuance of patent only where the rights of a purchaser without fraud have intervened. Can it be fairly or reasonably asserted that after so protecting the Government against fraud Congress intended in the very next part of the section to provide for issuance of patents, not for the benefit of an innocent transferee but in aid and for the benefit of those who by fraud obtained final receipts and certificates upon their entries?

Summarized, the section provides, in the part just referred to, for the protection of *bona fide* purchasers; in the proviso, for the protection of *bona fide* entrymen. Neither fraudulent purchasers nor fraudulent entrymen are entitled to the benefits of the law.

*Mr. F. W. Clements*, with whom *Mr. Alexander Britton*, was on the brief, for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was a petition to the Supreme Court of the District of Columbia for a writ of mandamus commanding the Secretary of the Interior and the Commissioner of the General Land Office to pass a homestead entry to patent. A demurrer to the answer was sustained, the defendants elected to stand on the answer, and a judgment awarding the writ was entered. The Court of Appeals affirmed the judgment, 48 App. D. C. 547; and the defendants prosecute this writ of error under § 250, cl. 6, of the Judicial Code.

The important statute, the construction of which is drawn in question by the defendants, is a provision in § 7 of the Act of March 3, 1891, c. 561, 26 Stat. 1095, 1099, which declares:

"That after the lapse of two years from the date of the issuance of the receiver's receipt upon the final entry of any tract of land under the homestead, timber-culture, desert-land, or pre-emption laws, or under this act, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him."

The facts which stand admitted can be shortly stated. Allen L. Newton, the relator, made a preliminary homestead entry at the local land office of a quarter section of land. At that time the land was withdrawn for forest purposes, but with the qualification that prior homestead settlers who continued in good faith to maintain their claims should be permitted to carry them to entry and patent. Newton claimed to be a prior settler and within the qualification. In due course, after publication of the regular notice, he submitted commutation proofs under the homestead law and paid the purchase price and the legal fees. The local land officers found the proofs satisfactory, permitted him to make final entry and issued thereon the usual receiver's receipt. That was on November 21, 1904, and there was no protest, contest or other proceeding against the entry within two years, nor until November 27, 1908. On the latter date the Commissioner of the General Land Office ordered a hearing upon a charge that Newton had not complied with the law in point of residence and cultivation; and on March 23, 1912, the Secretary of the Interior held in that proceeding that the charge was sustained and ordered the entry canceled. On May 14, 1918, the Secretary rescinded that order and directed that the entry be passed to patent under the statute before quoted. The following month the Secretary recalled his last action and caused a suit to be brought in the District Court of the district wherein the land is situate to cancel the receiver's receipt and quiet the title

in the United States. The bill in that suit charged that
the entry was fraudulently procured in that the proofs
submitted by Newton in respect of his settlement, resi-
dence and cultivation were false; and that charge is re-
peated in the answer in the present case. Further pro-
ceedings in the suit in the District Court have been
suspended, it is said, to await the ultimate decision on this
petition.

Both courts below held that, as the final entry was not
questioned by any protest or contest in the land depart-
ment within two years after the issue of the receiver's
receipt, the statute—the provision in § 7—terminated the
authority of that department to entertain any proceeding
for the cancelation of the entry and cast upon the Secre-
tary and the Commissioner a plain and unqualified duty to
pass the entry to patent. Whether that ruling was right,
or otherwise is the matter we are to consider.

The words of the statute are direct and make it very
plain that if at the expiration of two years from the date
of the receiver's receipt on final entry there is "no pending
contest or protest" against the entry its validity no longer
may be called in question in the land department—that is to
say, "the entryman shall be entitled to a patent   .   .   .
and the same shall be issued to him." The purpose to fix
his right and to command its recognition is obvious. This
court so held in *Lane* v. *Hoglund*, 244 U. S. 174, where a
writ of mandamus directing the issue of a patent was
awarded. In that case, as in this, there was no contest or
protest within the designated period, and in a proceeding
subsequently initiated the Secretary held that the entry-
man had not complied with the law in point of residence
and cultivation—in other words, that the proofs by which
he procured the entry were false—and upon that ground
the cancelation of the entry was directed. Besides, the
entry there bore the same relation to a forest reserve that
the present entry bears. Thus in all that is material the

two cases are alike. In the opinion in that case it was pointed out that the practice of the land department prior to the statute had been to entertain and act upon belated suggestions of fraud and noncompliance with law, that this had resulted in a practical blockade in the issue of patents and that the purpose of the statute was to rectify that situation and prevent its recurrence. The court then observed, p. 181, "In the exercise of its discretion Congress has said, in substance, by this statute that for two years after the entryman submits final proof and obtains the receiver's receipt the entry may be held open for the initiation of proceedings to test its validity, but that if none such be begun within that time it shall be passed to patent as a matter of course."

In the main the land department, as its regulations and decisions show, has construed and applied the statute as taking from the land officers all power to entertain proceedings for the cancelation of final entries of the classes specified, save where the proceeding is begun within the two-year period,—and this whether it is initiated by a government officer or by a private individual, and whether it is based upon a charge of fraud or upon some other ground. To illustrate: In the original instructions of May 8, 1891, 12 L. D. 450, the department took the position that it no longer could cancel such an entry or withhold the patent "on the ground of fraud, a failure to comply with the law, or a prior claim," unless a proceeding for the purpose was initiated within the period prescribed. In the case of *Jacob A. Harris,* 42 L. D. 611, decided December 13, 1913, the Secretary of the Interior adhered to that position as grounded upon a "sound construction of the law," overruled a decision to the contrary made two years before and rejected a protest presented after the allotted time which charged that the entryman, contrary to the statements in his proofs, had not complied with the law in the matter of settlement, residence and cultivation.

And in instructions issued April 25, 1914, 43 L. D. 294, the Secretary stated that the lapse of two years after the issue of the receiver's receipt "will bar a contest or protest based upon any charge whatsoever," save where the proceeding is sustained by some special statutory provision.

The defendants now call that construction in question. But we perceive no reason for rejecting or disturbing it. On the contrary, we think it is in accord with the natural import of the words of the statute and gives effect to the evident purpose of Congress. That purpose is to require that the right to a patent which for two years has been evidenced by a receiver's receipt, and at the end of that period stands unchallenged, shall be recognized and given effect by the issue of the patent without further waiting or delay,—and thus to transfer from the land officers to the regular judicial tribunals the authority to deal with any subsequent controversy over the validity of the entry, as would be the case if the patent were issued in the absence of the statute. See *Brown* v. *Hitchcock*, 173 U. S. 473, 477. Of course, the purpose is not merely to enable the officers to issue the patent—for which they have other express authority—but to command them to issue it in the event stated,—the words of the statute being "the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him."

It is urged that the pendency in the District Court of the suit before mentioned affords a sufficient justification for withholding the patent. The courts below held otherwise, and rightly so, as we think. The statute contemplates that in the event stated the patent shall not longer be withheld, but shall be issued promptly to the end that the entryman shall have the advantages and protection which go with it. In other words, it is intended that he shall be clothed with the legal title instead of an equitable title only, shall have a patent instead of a receiver's receipt, and

shall have the benefit of the presumptions which are available to other patentees when their, rights are called in question. But for this the statute would be without any real purpose or effect.

*Judgment affirmed.*