## UNITED STATES v. NEWTON et al.

(District Court, W. D. Washington, N. D. May 19, 1923.)

### No. 156.

**Public lands ⬞120—Suit to cancel final receipt held barred by limitation.**

Under Act March 3, 1891, § 7 (Comp. St. § 5113), a homestead entryman is entitled to a patent on or before the expiration of two years from the date of acceptance of final proof and issuance of receiver's receipt, in the absence of contest, and from that time title is vested in him, and a patent subsequently issued relates back to that date, and a suit by the United States for its cancellation is barred in six years thereafter, under section 8 of the act (Comp. St. § 5114).

In Equity. Suit by the United States against Allen Newton and others. On motion to dismiss bill and amended bill. Motion granted.

In September, 1918, the plaintiff filed its bill of complaint, seeking to cancel a receiver's final receipt issued to defendant Newton for homestead entry made September 8, 1904, proof for which was made and accepted by the register and receiver and final receipt issued November 21, 1904. November 27, 1908, a proceeding was instituted before the Land Department to cancel the final receipt charging fraud. On March 23, 1912, the Secretary of the Interior held the charge of fraud sustained, and ordered the entry canceled. On May 14, 1918, the Secretary of the Interior rescinded that order and directed that entry be passed to patent under Act March 3, 1891 (26 Stat. 1095). Thereafter this order was recalled, and this action instituted. March 20, 1923, supplemental bill was filed, in which it is alleged that after the filing of the original bill herein a writ of mandamus against the Secretary of the Interior and the Commissioner of the Land Office had been issued by the Supreme Court of the District of Columbia, affirmed by the Supreme Court of the United States (Payne v. U. S., 255 U. S. 438. 41 Sup. Ct. 368, 65 L. Ed. 720), and that because of such judgment on April 30, 1921, patent was issued to the defendant Newton for the lands in the bill of complaint described.

The defendant moves to dismiss, because it is insufficient in fact to constitute a cause of action in equity; that, no contest being made against the validity of such entry under section 8, Act March 3, 1891, 26 Stat. 1099 (Comp. St. § 5114), Newton became entitled on November 22, 1906, to a patent to the said land. "That no suit by the United States to vacate or annul said final certificate or entry or the right of said Newton to have patent issued to him was begun within six years thereafter, nor until twelve years thereafter. That it appears on the face of said amended bill of complaint that all of the facts claimed by the plaintiff to constitute fraud on the part of said Allen Newton, and upon which it is sought in this action to vacate the patent and extinguish the right of said defendant to said land were well known to the plaintiff prior to November, 1908, 10 years before the commencement of this suit and the filing of the original bill of complaint herein, and that the plaintiff has been guilty of laches, and that the cause of action alleged in said original and amended and supplemental bills, if any, ever existed, is now barred. That, no cause of action being stated in said original bill, the allegation in the amended bill and in the supplemental bill of facts occurring after the filing of said original bill cannot be relied upon to make a cause of action, and both amended and supplemental bills should be dismissed."

Thomas P. Revelle, U. S. Dist. Atty., and C. E. Hughes, Asst. U. S. Atty., both of Seattle, Wash.

Chas. F. Munday, of Seattle, Wash., for defendants.

NETERER, District Judge (after stating the facts as above).    Section 8 of Act March 3, 1891, provides:

"That suits by the United States to vacate and annul any patent heretofore issued shall only be brought within five years from the passage of this act, and suits to vacate and annul patents hereafter issued shall only be brought within 6 years after the date of the issuance of such patents."

The title vested and the defendant was entitled to patent two years after the issuance of his final receipt.    Payne v. U. S., 255 U. S. 438, 41 Sup. Ct. 368, 65 L. Ed. 720.    The mere naked title remained in the government.    If the issuance of the evidence of legal title, the patent, created the cause of action, then this action is premature, and no cause of action is stated in the original bill of complaint.    If the title vested, and the patent should have force as of the date when it should have been issued, two years after the expiration of the acceptance of proof, then the action is barred by the act, supra.    U. S. v. Puget Sound Traction L. & P. Co. (D. C.) 215 Fed. 436; United States v. Bellingham Bay Improvement Co. (C. C. A.) 281 Fed. 522.

In either event, the motion to dismiss must be sustained.