### WILSON v. ELK COAL CO.

(District Court, W. D. Washington, N. D. June 8, 1923.)

No. 337.

**1. Public lands ⊜103(4)—Land Department has exclusive jurisdiction of questions affecting title until issuance of patent.**

The Land Department of the United States is a special tribunal with judicial functions, having exclusive jurisdiction of issues affecting title to or equitable rights in public lands until patent is issued.

**2. Public lands ⊜40—Protest against claim is abated by relinquishment.**

A protest against allowance of a claim to public lands is abated by relinquishment of the claim, and leaves nothing pending on which the department can act.

In Equity. Suit by George B. Wilson against the Elk Coal Company. On motion to dismiss bill. Granted.

The plaintiff contends that on the 27th day of June, 19—, he initiated a coal declaratory statement (section 2348, R. S. [Comp. St. § 4660]) and claim to the coal on lands described, and "complied with the laws of the United States relating to the requirements under which a declaratory statement may be based, having taken possession of the lands involved June 25, 1916, and prior thereto," having discovered and located a vein of merchantable coal, and having posted notices on said land, stating his intention to acquire the coal deposits thereon under the coal land laws of the United States, and having opened a mine containing a merchantable vein of coal, and economically workable on June 26, 1916. He says he has been in continuous possession of the land since that time, and has expended $1,200 upon the development; that thereafter other parties named, who for convenience will be called second parties, sought to acquire a part of the same land "under the purchase law, so called" (section 2347, R. S. [Comp. St. § 4659]), and that other parties, who will be called third parties, likewise "presented a coal declaratory statement under section 2348, R. S., for all the land claimed by the plaintiff"; and "that, acting upon said three filings, the local office * * * rejected the Wilson declaratory statement and the application to purchase, but allowed the declaratory statement filed "by the third parties." The plaintiff appealed to the Commissioner of the General Land Office. The Commissioner reversed the holding of the local office, rejecting the application of third parties, "on the ground that a preferential right cannot be based upon acts done prior to the privilege granted by the department of taking these lands as coal lands, and as to the Wilson appeal held, on October 18, 1916, the action of local officers erroneous, since two or more coal declaratory statements may be filed on the same land and privilege of a supplementary showing be given Wilson, as to the reasons of abandonment of an earlier declaratory statement herein. * * *" It is then alleged that the land had long prior to the preferential acts of the plaintiff been restored as public land, without making any rule as

to the plaintiff's preferential status; that on January 13, 1917, the land was withdrawn for classification as to price, and that on the 27th of August, 1917, the plaintiff, asserting possession as early as June 25, 1916, offered proof showing continued possession and improvements in excess of $1,200, and made tender and proof to the local office; that the third claimants under declaratory statements also tendered proofs and offered to pay $12,800; that on October 2, 1918, the Commissioner of the General Land Office rendered a decision on the appeal of the second parties, deciding that the entry of plaintiff did not constitute a preferential right, and that the third parties might proceed with their proof; that no tender of money was made nor proofs made for two years, and that plaintiff thereupon protested the allowance of this claim; that a hearing was ordered for December 11, 1918, from which order the third parties appealed, and the Commissioner on January 10, 1919, vacated the order for hearing, and on appeal by the plaintiff to the Secretary of the Interior on May 14, 1919, the Secretary held against the plaintiff and rejected his application, proofs and tender; that on June 14, 1920, the Commissioner advised the local office of the reappraisement, allowing the third parties 30 days within which to make payment; this the third parties failed to do, but appealed to the department on the ground that the appraisement was excessive; that on the 27th of May, 1921, the appraisement was modified; at the time when this order was entered the protest of the plaintiff for reconsideration of the decision of August 31, 1920, was still pending; that on July 5, 1921, the defendant corporation filed an application for "permit to prospect (Act Feb. 25, 1920 [Comp. St. Ann. Supp. 1924, § 4640¼, et seq.])," the third parties having relinquished their claim; that one of the third parties was president of the defendant company, and a large majority stockholder; that the officers of this company and stockholders knew of the protest of the plaintiff and of his application for the land, and that thereafter the Department of the Interior erroneously granted to the defendant a lease of the lands, having prior to that time permitted it to prospect; that on August 9, 1921, the Commissioner held that the relinquishment of the third parties on the 5th of July, 1921, abated the plaintiff's protest, and that plaintiff could secure no preferential rights prior to the opening of the lands for filing, which act of the department was contrary to all law and established rules of the department. it is then alleged that the plaintiff acquired "a right in law to complete the declaratory statement herein referred to;" that all parties subsequently acquiring any interest did so subject to rights of the plaintiff; that the plaintiff is entitled to have his declaratory statement allowed, and is ready to pay the amount required, $3,200; that the decision of the department is erroneous, and "contrary to the statute law of the United States, and to the rules and regulations of the department at the time of the initiation of the plaintiff's rights." and that the lease granted to the defendants is a fraud upon plaintiff's rights; and prays a "decree reserving said coal deposits to himself," and enjoining the defendant from operating on the said lands. The defendant moves to dismiss on the ground that the complaint does not state any matter of equity entitling the plaintiff to the relief prayed, and that the United States is an indispensable party to the final determination of the alleged controversy.

F. C. Reagan, of Seattle, Wash., for plaintiff.

Donworth, Todd & Higgins, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). [1] The Land Department of the United States is a special tribunal with judicial functions, having exclusive jurisdiction of issues affecting title to the public lands until patent is issued. Bockfiner v. Foster, 190 U. S. 116, 23 Sup. Ct. 836, 47 L. Ed. 975; Humbird v. Avery, 195 U. S. 480, 25 Sup. Ct. 123, 49 L. Ed. 286; Reed v. St. P. M. & M. Ry. Co. (D. C.) 234 Fed. 123; Gauthier v. Morrison, 62 Wash. 572, 114 Pac. 501. Until the issuance of a patent, inquiry as to equitable rights of

parties is within the cognizance of the department. Oregon v. Hitchcock, 202 U. S. 60, 26 Sup. Ct. 568, 50 L. Ed. 935. If the plaintiff has initiated a right, complied with all requirements of the law and rules of the department, so that equitable title to the land vested in him, as alleged in the complaint, his remedy is against the Secretary of the Interior, to compel the issuance of patent. Payne v. U. S. ex rel. Newton, 255 U. S. 438, 41 Sup. Ct. 368, 65 L. Ed. 720; Lane v. Hoglund, 244 U. S. 174, 37 Sup. Ct. 558, 61 L. Ed. 1066. If patent for the land had issued to the defendant, and the plaintiff had a vested right by reason of acts done pursuant to law, he might maintain an action to decree such title in trust for the plaintiff. The patent not having issued, the relief here sought cannot be granted; nor is this action in aid of any pending action seeking title to conserve to plaintiff the beneficial interest in the land. In Daniels v. Wagner, 237 U. S. 547, 35 Sup. Ct. 740, 59 L. Ed. 1102, L. R. A. 1916A, 1116, Ann. Cas. 1917A, 40, cited by plaintiff, the patent had issued. See 205 Fed. 237, 125 C. C. A. 93, and 194 Fed. 973. The Supreme Court, in Johnson v. Towsley, 80 U. S. (13 Wall.) 72 at page 85, 20 L. Ed. 485, says that:

Where "the legal title has passed from the United States to one party, when in equity and good conscience, and by the laws which Congress has made on the subject, it ought to go to another, a court of equity will * * * convert him into a trustee of the true owner, and compel him to convey the legal title."

What the plaintiff alleges is initiating the several steps necessary to obtain title to public land requiring future compliance with law, and also claims such compliance, but proof of compliance did not meet the approval of the General Land Office. The instant case is distinguished from the cases cited by the plaintiff, where patent had not issued, in that the act in the cited cases was the concluding and final step under the act of Congress and did not require approval of the Land Department. Payne v. Central Pac. R. Co., 255 U. S. 228, 41 Sup. Ct. 314, 65 L. Ed. 598.

[2] It is urged that the Land Department erred in holding that the filing of the relinquishment of the third parties abated plaintiff's protest. The relinquishment of the claim to the land for which proof was offered and protested unquestionably abated the protest, because the relinquishment accomplished what the protest sought. If an appeal from the Land Commissioner's decision, rejecting plaintiff's proof and holding that the third parties might proceed with their proof, had been pending, instead of a protest against allowance of proof, the status of the plaintiff would have been different upon the filing of the relinquishment, and upon adverse holding the court would have been open to the plaintiff in an action to adjudicate the claim of plaintiff's asserted right in accordance with law upon the conceded or established facts, but such fact might not have changed the plaintiff's status.

From what has been said, the motion to dismiss must be sustained.