## WILSON v. ELK COAL CO.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925. Rehearing Denied September 14, 1925.)

No. 4548.

Public lands ⟨⟩103(4) — So long as title remains in United States, courts have no jurisdiction of claim against lessee of United States.

Courts are without jurisdiction to grant relief in favor of one claiming only preference right of entry on coal lands by virtue of Rev. St. § 2348 (Comp. St. § 4660), as against one in possession under lease from United States pursuant to Leasing Act Feb. 25, 1920, § 34 (Comp. St. Ann. Supp. 1923, § 4640¼qq), so long as title remains in United States.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit by George B. Wilson against the Elk Coal Company. From a decree dismissing the complaint (300 F. 473), plaintiff appeals. Affirmed.

F. C. Reagan, of Seattle, Wash., for appellant.

George Donworth, Elmer E. Todd, John C. Higgins, and Charles T. Donworth, all of Seattle, Wash., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal by the plaintiff from a decree dismissing a complaint in equity. It appears from the amended complaint that prior to June 27, 1916, the appellant opened and improved a coal mine on the southwest quarter of section 34, township 22 north, range 7 east W. M., and was in actual possession thereof. On the latter date he filed in the local land office a coal declaratory statement, claiming a preference right of entry under section 2348 of the Revised Statutes (Comp. St. § 4660). On July 23, 1917, he filed his application to purchase, based on his preference right of entry and his continued possession and improvement of the land, and tendered to the local land office the sum of $3,200 in payment of the purchase price. In view of the conclusion we have reached on certain questions involved in the case, we deem it unnecessary to follow the history of the claim through the General Land Office, further than to say that the claim was finally rejected by the Secretary of the Interior on June 23, 1922.

Prior to February 13, 1922, the appellee,

Elk Coal Company, applied for a coal lease for the west half and other portions of section 34, under the Leasing Act of February 25, 1920 (41 Stat. 437 [Comp. St. Ann. Supp. 1923, § 4640¼qq]). On the latter date the Land Department gave notice of this application, and directed all persons having claims to the land, or any part thereof, to file their claims or protests in the local office not later than March 28, 1922. The appellant filed a formal protest against the mining lease setting forth his own claim to a part of the land. On May 8, 1922, the Director of the Geological Survey recommended that the north half of the southwest quarter, and other portions of section 34, be offered as a coal-leasing unit, subject to a royalty at the rate of 10 per cent. per ton, an investment requirement of $80,000, and a minimum production requirement of 35,000 tons per year. On September 12, 1922, a lease was executed and delivered to the appellee, pursuant to this recommendation. The prayer of the complaint is that the appellee be declared a trustee for the appellant, or, in the alternative, that the lease be canceled, and for general relief.

For the purposes of this case we may assume that the appellant had a preference right of entry, and was entitled to a patent upon submitting final proof and paying the purchase price prescribed by law; but the fact remains that the title is still in the United States, and the United States is still claiming that title as against the appellant and all the world. Under such circumstances, we think it is well settled that a suit of this character will not lie. "After the United States has parted with its title, and the individual has become vested with it, the equities subject to which he holds it may be enforced, but not before." Marquez v. Frisbie, 101 U. S. 473, 25 L. Ed. 800. This rule has been affirmed and reaffirmed by the same court. Bockfinger v. Foster, 190 U. S. 116, 23 S. Ct. 836, 47 L. Ed. 975; Humbird v. Avery, 195 U. S. 480, 25 S. Ct. 123, 49 L. Ed. 286; Oregon v. Hitchcock, 202 U. S. 60, 26 S. Ct. 568, 50 L. Ed. 935.

It may be that the appellant had, and still has, a remedy by mandamus against the proper officer of the United States, to compel the issuance of a patent. Lane v. Hoglund, 244 U. S. 174, 37 S. Ct. 558, 61 L. Ed. 1066; Payne v. Newton, 255 U. S. 438, 41 S. Ct. 368, 65 L. Ed. 720. But, be that as it may, we are clearly of opinion that the courts are without jurisdiction to grant relief in favor of one claiming only an equitable

7 F.(2d)—8

title, as against a party in possession under a lease from the United States, so long as the title remains in the United States. Appellant cites and relies on Williams v. United States, 138 U. S. 514, 11 S. Ct. 457, 34 L. Ed. 1026. The defendant in that case fraudulently relinquished a desert land entry in which he had conveyed a part interest to third parties. He then caused the land to be certified to the state of Nevada under an act of Congress, and procured a contract from the state for the purchase of the land in his own right, and it was held that a court of equity had jurisdiction to compel a surrender of the state contract, procured by fraud, without making the state a party to the suit. No attempt was there made to adjudicate or determine any question of right or title, and the decision in no wise conflicts with the long line of cases holding a contrary doctrine, where the title is in the United States. If the court had jurisdiction to grant the relief prayed, we need not inquire whether the United States was a necessary party to the suit. Louisiana v. Garfield. 211 U. S. 70, 29 S. Ct. 31, 53 L. Ed. 92.

The decree is affirmed.