## UNITED STATES v. BOTHWELL CO. et al.

(District Court, D. Wyoming. September 2, 1925.)

No. 452.

1. **Public lands** ⬤➡110—Filing of adverse report on entry insufficient to defeat right to patent.

Under Act March 3, 1891, § 7 (Comp. St. § 5113), entitling entryman to patent, where no contest or protest against validity of entry is made before lapse of two years after issuance of receiver's receipt, mere filing of adverse report by special agent against validity of entry within such two-year period is insufficient to defeat entryman's right to patent.

2. **Eminent domain** ⬤➡172—Court held to have jurisdiction to determine title to land dependent on entryman's right to patent.

In proceeding to condemn lands, under Reclamation Act June 17, 1902 (Comp. St. §§ 4700–4708), court held to have jurisdiction to determine title to particular land, entry on which had been canceled as fraudulent by Department of Interior, after lapse of time sufficient to entitle entryman to patent.

3. **Eminent domain** ⬤➡148—Owner of land held entitled to interest from time of taking.

Entryman on public land, later condemned under Reclamation Act June 17, 1902 (Comp. St. §§ 4700–4708), held entitled to recover interest from time of taking until settlement.

At Law. Condemnation proceeding by the United States against the Bothwell Company and others. On motion of defendant for judgment. Motion granted.

Albert D. Walton, U. S. Atty., of Cheyenne, Wyo., and Brooks Fullerton, of Mitchell, Neb., District Counsel for Bureau of Reclamation, for the United States.

Patrick H. Loughran, of Washington, D. C., and Haggard & O'Mahoney, of Cheyenne, Wyo., for defendants.

KENNEDY, District Judge. This is an action for the condemnation of lands under the Reclamation Act of June 17, 1902 (Comp St. §§ 4700–4708). It was instituted May 10, 1909, and was directed to securing title to lands necessary in creating the Pathfinder Reservoir in this state. In the first instance, commissioners were appointed, but

the government, feeling aggrieved by their finding, sought to have the value of the lands involved determined by a jury, which was accordingly done. A part of these lands consisted of a so-called desert entry, which had previously been entered by one Florence Kelly, thereafter transferred to the defendant Bothwell by deed, and then to the defendant the Bothwell Company. In its petition the government alleged that the said desert entry was fraudulent, that it had been held by the Department of the Interior for cancellation, and was at the time of filing the bill of complaint under investigation by that department.

A trial was subsequently held, and the matter submitted to a jury, with a direction to the jury to make a separate finding as to the said Kelly tract, which the jury did, assessing its value at the sum of $9,600. The court thereafter, and on the 7th day of December, 1909, approved and affirmed the verdict of the jury, and as to the Kelly tract confirmation was made subject to the future determination of the court as to the ownership of said lands. This action of the court became final as to all lands except the Kelly tract, and as to said tract the suit has remained in statu quo until on or about the 1st day of July, 1925, when the defendant Bothwell Company filed its motion for judgment under the order of December 7, 1909, which is the matter now before the court.

The history of the so-called Kelly tract in brief is about as follows: The entry was made on June 2, 1902, under the Desert Land Act (Comp. St. §§ 4674–4678). On April 28, 1903, final proof was made, which was accepted and approved by the register and receiver, and on May 8, 1903, final receipt and final certificate were issued to the entryman. On May 13, 1903, Kelly sold and transferred the entry to the defendant A. J. Bothwell, who in turn on February 1, 1904, conveyed the land to the other defendant, the Bothwell Company. On April 26, 1905, a special agent of the General Land Office executed at Cheyenne, Wyo., a report to the General Land Office upon this entry. On May 1st of the same year this report was received and filed in the General Land Office at Washington, D. C. On May 27, 1905, the General Land Office suspended the Kelly entry because of representations appearing in the aforesaid report. On August 26, 1909, the General Land Office formally preferred charges against the Kelly entry and ordered proceedings for the trial of such charges. Then proceeded hearings before the

7 F.(2d)—40

General Land Office and the Secretary of the Interior, by which it was finally adjudged during the year 1911 that the entry should be canceled. As before stated, nothing further was done in the case at bar, as neither party moved for any relief until the motion for judgment on the part of the defendant was filed during the current year.

[1] The point in the case is this: The defendant maintains that, inasmuch as no contest or protest against the validity of the entry was filed before the lapse of two years from the date of the issuance of the receiver's receipt, it became the duty of the Interior Department to issue a patent to the entryman or his successor in interest; this contention being based upon section 7 of the Act of March 3, 1891 (26 Stat. 1099 [Comp. St. § 5113]) which reads as follows:

"That after the lapse of two years from the date of the issuance of the receiver's receipt upon the final entry of any tract of land under the homestead, timber culture, desert land, or pre-emption laws, or under this act, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him; but this proviso shall not be construed to require the delay of two years from the date of said entry before the issuing of a patent therefor."

In the first instance, in cases of this character, the Department of the Interior had held that an adverse report by a special agent against the validity of an entry was such as to bring the matter within the scope of the statute, as being such a protest as would enable the Interior Department to retain jurisdiction of the entry and refrain from issuing a patent. This ruling was, however, subsequently set aside by the courts in a holding to the effect that an adverse report of an agent filed in the General Land Office was not a pending contest or protest, within the scope of section 7 of the Act of March 3, 1891, and, upon the issue there involved, directed the Secretary of the Interior to issue a patent, there being no contest or protest filed within the two years. Lane, Secretary, v. Hoglund, 244 U. S. 174, 37 S. Ct. 558, 61 L. Ed. 1066. To the same general effect was the later case of Payne, Secretary, v. Newton, 255 U. S. 438, 41 S. Ct. 368, 65 L. Ed. 720.

The record in this case discloses that the only thing on file against the Kelly entry, within the two years after the receiver's re-

ceipt had been issued, was the special agent's report filed in the General Land Office on May 1, 1905. The two-year period from the date of the issuance of the receiver's receipt expired on May 8, 1905. It would therefore appear to have become the duty of the Interior Department to have issued the patent immediately after May 8, 1905, instead of having suspended the entry and beginning a contest against it four years afterward.

[2] The plaintiff contends, however, that, inasmuch as patent has not passed to the land, this court has no jurisdiction to try the title, upon the authority of Brown v. Hitchcock, 173 U. S. 476, 19 S. Ct. 485, 43 L. Ed. 772, and that, even if the court has jurisdiction, the case should be governed by the rule of the department in its construction of the Act of March 3, 1891, while the hearing was before the department and determined before the courts held that construction invalid, or, in the alternative, that the plaintiff should now be permitted to offer evidence in support of the allegations of the petition in this case that the entry was fraudulent. The answer to these contentions seems to this court to be that the plaintiff, the owner of the land, submitted the determination of ownership to this court, and therefore the court had jurisdiction in the first instance, whatever may have been the rule had the Department of the Interior reserved its right to determine the ownership of the land by omitting that particular tract from its petition.

Again, the court by its order retained and reserved the right to itself determine the ownership of the land. Whatever may have been the rule of law prevailing in the department at the time it was sought to adjudicate the defendant's interest in the land, it must be remembered that the entire proceeding in accordance with subsequent court rulings was void, for the reason that the department had not the right to institute a contest or protest proceeding after the two years had elapsed from the date of issuance of final receipt. But, even if this should not be sound, the fact remains that the court is now called upon to determine the ownership of the land, and it must be adjudicated in accordance with the law as it now is, to the effect that a mere adverse report does not justify withholding a patent, and therefore legally a patent should have been delivered by the department to the entryman or his successor immediately after the two-year period had elapsed. Also, in this view, the plaintiff would have no right to seek to avoid the issuance of a patent to the entry by now offering proof as to the invalidity and fraudulent character of the entry, because, if it could not have been done immediately after the two-year period, it cannot now be done.

If the relief now sought were to compel the issuance of a patent upon the proofs which have here been offered, the defendant should undoubtedly prevail. The issuance of a patent, however, would be a vain thing, because the land has been taken from the defendant and is now covered with many feet of water in a reservoir. When the finding of the jury as to the value of the tract was approved and affirmed by the court, that value was substituted for the land itself and becomes the subject of the action. The only question remaining, therefore, is to whom this $9,600, fixed as the value of the land, belongs. The defendant, as we have endeavored to show, would under the circumstances of this case be entitled to the land, and therefore as a matter of course should be entitled to the value of it from the plaintiff.

[3] It also appears from the authorities submitted by counsel for the defendant that, in proceedings of this nature, interest should be allowed from the time when the owners are deprived of their property. United States v. Rogers, 255 U. S. 163, 41 S. Ct. 281, 65 L. Ed. 566.

The motion of the defendant for judgment for the sum of $9,600, with interest from the 3d day of July A. D. 1909, upon which date the property in controversy was taken from the defendant and given to the plaintiff, will therefore be granted, to which ruling of the court the plaintiff may have its proper exceptions.