**Darrell ZWANG and Elodyniae Zwang, Appellants,**

v.

**Stewart L. UDALL, as Secretary of the Interior of the United States of America, Appellee.**

**No. 20844.**

United States Court of Appeals
Ninth Circuit.

Jan. 10, 1967.

Ted Frame, Frame & Courtney, Coalinga, Cal., for appellants.

Manuel L. Real, U. S. Atty., Richard J. Dauber, Asst. U. S. Atty., Los Angeles, Cal., Edwin L. Weisl, Asst. Atty. Gen., Roger P. Marquis, George R. Hyde, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and POWELL, District Judge.

POWELL, District Judge:

This is an appeal from a judgment of the District Court dismissing plaintiffs' complaint, which was an application for a writ of mandamus. The District Court had jurisdiction under 28 U.S.C. § 1361. This Court's jurisdiction is under 28 U.S. C. § 1291. The facts were stipulated in the pretrial conference order as follows:

A. Desert land entries comprising 320 acres each in the N ½ and the S ½ Sec. 19, T. 4S., R. 16 E., S.B.M., an oversize section in Riverside County, California, were allowed January 6, 1955, and subsequently assigned to plaintiffs, the Zwangs, who are husband and wife.

B. Final proofs were submitted on May 17, 1961. The register's receipt is dated May 29, 1961.

C. By decision dated May 8, 1962, the Land Office at Riverside rejected the final proofs.

D. The Zwangs appealed to the Director, Bureau of Land Management.

E. On October 10, 1962, the Division of Appeals, Office of the Director, reversed the decision of the Land Office and remanded the cases to the Land Office for further consideration.

F. On April 3, 1963, the Land Office accepted the final proofs for 80 acres in each entry and cancelled the entries as to the remaining lands.

G. The decision of April 3, 1963, was made by the Land Office *ex parte*, without a hearing and without prior notice to the Zwangs. A hearing was not waived by the Zwangs. The decision of April 3, 1963, was made by the Land Office based upon the records and documents contained in its files.

H. The Zwangs appealed again to the Director, Bureau of Land Management, and requested a hearing. On October 23, 1963, the Division of Appeals, Office

of the Director, denied the Zwangs' request for a hearing and modified and affirmed the decision of the Land Office.

I. The Zwangs then appealed to the Secretary of the Interior, who issued his decision on February 3, 1965.

J. At the time the Zwangs filed their complaint herein, no contest within the framework of 43 CFR 1852.2–2 had been filed. None has been filed since.

K. The Zwangs have not received patents for their entries.

L. The Zwangs' request for patents covering 320 acres on each entry was denied by the Land Office on March 5, 1965.

M. Stewart L. Udall is the Secretary of the Interior. (R. 20–22).

The Secretary determined on February 3, 1965, there was no showing of available irrigation water sufficient for the irrigable lands in the entries. This was a factual question which had not been determined in an adversary proceeding. The Secretary then stated in part:

"The only proper way of resolving the factual disputes is to hold a hearing at which expert testimony and other evidence can be submitted and subjected to cross-examination and rebuttal. Accordingly, the Bureau should initiate contest proceedings against the entries to the extent to which they are believed to be invalid. Upon the filing of a proper and timely answer by the Zwangs, the cases will proceed to a hearing in accordance with the Department's contest procedures. 43 CFR, Subpart 1852. * * * Therefore, pursuant to the authority delegated to the Solicitor by the Secretary of the Interior (210 DM 2.2A(4) (a); 24

F.R. 1348), the decision appealed from is set aside and the case is remanded for the initiation and prosecution of a contest against each entry as provided in this decision." (R. 26 M, N).

The appellee makes several contentions based on the doctrine of exhaustion of administrative remedies. The only point we think merits discussion is that appellants failed to seek administrative review of the Land Office's March 5, 1965, adverse decision.[1] The claim is that to allow appellants to seek mandamus after this decision would be to short-circuit normal administrative review.

■ It is true that the Land Office's latter decision on appellant's claim to immediate issuance of patent is the first explicit determination by an administrative authority that the earlier rejections of final proofs amounted to a "protest" within the meaning of 43 U.S.C. § 1165. Assuming, however, that the appellants would normally be required to attempt to appeal this narrow holding within the Department, we think that the circumstances of this case indicate that no appeal was needed. Indeed we think the record shows that appeal of this question would have been redundant. In his decision of February 3, 1965, the Secretary implicitly held that the time bar of Section 1165 had been suspended by the actions of the land office in rejecting final proofs. It is apparent from a reading of the Secretary's decision that he assumed a protest in motion. His determination was that, in fairness to appellants, the protest proceedings should have been expanded to a formal contest. To hold that the Secretary has not recognized the protest would be to resort to

The pertinent portion of the letter of March 5, 1965, is as follows: " * * * we have received your request and do not concur in your interpretation of 43 U.S.C. 1165 and accordingly, must deny your demand for issuance of patent. The date of issuance of the register's receipt on the final proof in the cases at hand was May 29, 1961. By Land Office decision of May 8, 1962, the final proof was rejected. However, this decision was reversed by the Division of Appeals, BLM decision of Oc-

tober 10, 1962 and the cases remanded for further consideration. By Land Office decision of April 3, 1963, decision action was again taken and the cases have been on appeal since that time. Given the reversal of the decision of May 8, 1962, the Land Office decision of April 3, 1963, was a protest action that would toll the two year patent entitlement period, as it was taken within the two year period.
* * * "

(R. 26 P)

undue formalism; and to require what would be in effect a second appeal of the question and would be wasteful of administrative time and effort.

Issues of law only were submitted to the trial court. The appellants contend that they are entitled forthwith to the issuance of patents. Their argument is that there was no pending contest or protest within two years of the issuance of register's receipts and that 43 U.S.C. § 1165 requires the issuance of patents to them. 43 U.S.C. § 1165 provides in pertinent part:

> " * * * That after the lapse of two years from the date of the issuance of the receipt of such officer as the Secretary of the Interior may designate upon the final entry of any tract of land under the homestead, timber-culture, desert-land, or preemption laws, or under the Act of March 3, 1891, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him; * * *."

A review of the agreed facts shows that the action taken by the Land Office and the Director, Bureau of Land Management, was all within two years from May 29, 1961, the date of the issuance of the receipt.

The appellants assert that there is no provision for a Government "protest." They argue that the action taken by the Land Office is not a "contest" under 43 C.F.R. 1852.2–2, which requires a written complaint, and answer and a notice of hearing and an adversary-type hearing before an impartial examiner. They further argue that since no formal complaint was made within the two years, their patents must be issued. To sustain the appellants' position we must hold the Government may not rely on a protest within the two year period but is limited to the contest procedure described in 43 C.F.R. 1852.2–2.

43 C.F.R. 1852.1–2 provides:

> "Where the elements of a contest are not present, any objection raised by any person to any action proposed to be taken in any proceeding before the Bureau will be deemed to be a protest and such action thereon will be taken as is deemed to be appropriate in the circumstances."

Appellants contend this provision refers only to private protests and the Government here cannot rely on it since 43 C.F.R. 1852.2–2 specifies the exclusive method of Government contest.

Appellants cite four cases of the Supreme Court. They contend three of them support their position that patents must issue under the statute involved here. They are: United States ex rel. Champion Lumber Co. v. Fisher, 227 U.S. 445, 33 S.Ct. 329, 57 L.Ed. 591 (1913); Lane v. Hoglund, 244 U.S. 174, 37 S.Ct. 558, 61 L.Ed. 1066 (1917); Payne v. Newton, United States ex rel., 255 U.S. 438, 41 S.Ct. 368, 65 L.Ed 720 (1921); and Stockley v. United States, 260 U.S. 532, 43 S.Ct. 186, 67 L.Ed. 390 (1923).

The cases all construed a statute in effect prior to the present statute, 43 U.S.C. § 1165. That statute, which was Section 7 of the Act of March 3, 1891, c. 561, 26 Stat. 1095, 1099, provided as follows:

> "That after the lapse of two years from the date of the issuance of the receiver's receipt upon the final entry of any tract of land under the homestead, timber-culture, desert-land, or pre-emption laws, or under this act, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him".

In the case of Champion Lumber Co. v. Fisher, 227 U.S. 445, 33 S.Ct. 329, the facts were not in dispute. The receipt for proofs of final entry was issued September 24, 1902. On December 13, 1902, the Commissioner directed the register and receiver to suspend action on the commutations and proofs until a special agent had investigated and reported. Thereafter the Commissioner directed that a hearing be held. The trial court

refused mandamus. The Court of Appeals affirmed and the Supreme Court of the United States quoted with approval the following language from the Appellate Court's opinion:

> "'The communications of Special Agent Hammer respecting this entry were made within the two years contemplated by said act of March 3, 1891, as was the communication of June 18, 1904, from the Commissioner to said agent. It is apparent that these communications resulted in the withholding of a patent; in other words, that the Commissioner regarded the right to that patent as dependent upon the outcome of the investigation which was to ensue. The subsequent decision of the Secretary that what was done within the two-year period constituted a protest against the patenting of the entry, was not arbitrary or capricious, but was based upon evidence; and the sufficiency of that evidence was for his and not our determination.'" Champion Lumber Co. v. Fisher, 227 U.S. 445 at 449, 33 S.Ct. 329 at 330.

The appellants argue the *Lane* case hereafter cited overrules *Champion Lumber*.

Lane v. Hoglund, 244 U.S. 174, 37 S.Ct. 558, was an action construing the earlier statute. The only action that resembled a protest was a report from a Deputy Forest Supervisor recommending the cancellation of the entry. No action was taken on the report within the two-year period. The Court held that the statute required the issuance of the patent. In its opinion the Court stated:

> "Looking, then, at the statute in the light of all that bears upon its purpose and meaning, we think it certainly and unmistakably lays upon the Secretary of the Interior, as the head of the Land Department, a plain duty to cause a patent to be issued to a homestead entryman whenever it appears, as concededly it did in this instance, that two years have elapsed since the issue of the receiver's receipt upon the final entry, and that *during that period no proceeding has been initiated or order made which calls in question the validity of the entry. * * *"* (Emphasis supplied). Lane v. Hoglund, 244 U.S. 174 at 181, 37 S.Ct 558 at 560.

■ From the reading of the two opinions, the *Champion Lumber Company* case and the *Lane* case, we consider they are factually different and do sustain the trial court's finding in his able memorandum decision that the Secretary was not arbitrary or capricious in determining that there was a "contest or protest" as specified in 43 U.S.C. § 1165.

The two additional cases, Payne v. United States ex rel. Newton, 255 U.S. 438, 41 S.Ct. 368 (1921), and Stockley v. United States, 260 U.S. 532, 43 S.Ct. 186 (1923), are factually similar to the *Lane* case.

■■ The determination of whether a contest or protest has been initiated within the statutory period lies within the discretion of the Secretary. The discretionary action of the Secretary should not be set aside unless his conclusion can be said to be capricious or arbitrary or so unreasonable as not to be tenable. In this case the entries as to all but 80 acres in each had been ordered cancelled on April 3, 1963. That order questioned the validity of the entries. The determination of the Secretary that the action of April 3, 1963, amounted to a protest, was not arbitrary or capricious. Neither this Court nor the trial court is authorized to act in review of the action of the Secretary or his designate absent a finding of arbitrary and capricious action.

We likewise agree with the trial court concerning the action of April 3, 1963:

> "If, as contended by plaintiffs, this court has the jurisdiction to determine the question of whether the cancellation on April 3, 1963, of the entries involved, other than for the 80 acres approved, the court would conclude that the said action, from which plaintiffs appealed, was a 'protest' within the meaning of Section 1165 and that the Government is not required to file a

'contest' as provided for in 43 C.F.R. § 1852.2–2 to stop the running of the two year period concerned." (R. 51).

The judgment is affirmed.