46 F.3d 1140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby Len FRANKLIN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-16026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 10, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bobby Len Franklin appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his action to acquire title to desert land in the form of a patent pursuant to 43 U.S.C. Sec. 1165. Franklin contends that the district court erred by ruling that it lacked jurisdiction because Franklin failed to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's determination that it lacked jurisdiction, Carpenter v. Department of Transp., 13 F.3d 313, 314 (9th Cir.1994), and we affirm.
 
 
 3
 "When the regulations governing an administrative decision-making body require that a party exhaust its administrative remedies prior to seeking judicial review, the party must do so before the administrative decision may be considered final and the district court may properly assume jurisdiction." Doria Mining and Eng'g Corp. v. Morton, 608 F.2d 1255, 1257 (9th Cir.1979), cert. denied, 455 U.S. 962 (1980); see 5 U.S.C. Sec. 704. Department of the Interior regulations require exhaustion of administrative remedies before any administrative decision from the Department is subject to judicial review. 43 C.F.R. Sec. 4.21(c); Doria Mining, 608 F.2d at 1257 (commenting on Sec. 4.21(b), the precursor to Sec. 4.21(c)). A decision rendered by department officials regarding the use and disposition of public lands is subject to review by the Interior Board of Land Appeals ("IBLA"). 43 C.F.R. Sec. 4.1(b)(3)(i). Accordingly, administrative remedies regarding such a decision are deemed exhausted only upon disposition of an appeal by the IBLA. Id. Sec. 4.21(c); Doria Mining, 608 F.2d at 1257.
 
 
 4
 Here, Franklin received an adverse decision from the Bureau of Land Management ("BLM") regarding the classification of land for which he had filed an application for desert land entry under the Desert Land Act, 43 U.S.C. Secs. 321 et seq. Franklin, however, failed to appeal to BLM's decision to the IBLA. Thus, he failed to exhaust his administrative remedies. See Doria Mining, 608 F.2d at 1257. Accordingly, the district court did not err by dismissing Franklin's action for lack of jurisdiction.
 
 
 5
 Franklin contends that the district court should have asserted its jurisdiction under what is known as the Confirmation Statute, 43 U.S.C. Sec. 1165, regardless of his failure to exhaust administrative remedies. This contention lacks merit.
 
 Section 1165 provides in part:
 
 6
 That after the lapse of two years from the date of the issuance of the [receiver's] receipt ... upon the final entry of any tract of land under the homestead, timber-culture, desert-land, or preemption laws, or under this Act, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him....
 
 
 7
 43 U.S.C. Sec. 1165. Section 1165 places a restriction on the power of the Secretary of the Interior to contest an entryman's right to a patent on desert land and assures the entryman of rights to a patent if the Secretary fails to contest the entry within two years. Grewell v. Watt, 664 F.2d 1380, 1382 (9th Cir.1982). The statute, however, does not provide an independent basis for the district court's jurisdiction or excuse a party's failure to exhaust administrative remedies.
 
 
 8
 Franklin's reliance on Stockley v. United States, 260 U.S. 532 (1923), as support for the proposition that he does not have to exhaust administrative remedies, is misplaced. The suit in Stockley was brought by the United States, so exhaustion was not an issue. In cases where we have reached the merits of a claim brought under 43 U.S.C. Sec. 1165, the plaintiff exhausted administrative remedies, see Brandt-Erichson v. United States Dep't of the Interior, Bureau of Land Management, 999 F.2d 1376, 1378 (9th Cir.1993), cert. denied, 115 S.Ct. 92 (1994); Grewell, 664 F.2d at 1381, or exhaustion was excused because it clearly would have been "redundant." See Zwang v. Udall, 371 F.2d 634, 636-37 (9th Cir.1967).
 
 
 9
 Franklin's failure to exhaust cannot be excused because exhaustion would not have clearly been redundant or futile. See Aleknagic Natives, Ltd. v. Andrus, 648 F.2d 496, 500-01 (9th Cir.1980). In fact, prior to filing the instant action in district court, Franklin was successful in his appeal to the IBLA of the BLM's decision rejecting his desert land application. The IBLA instructed the BLM to reconsider Franklin's application and remarked that it found "no clear evidence in the record to support the conclusion that the land in question is mineral in character." In light of this decision, an appeal to the IBLA of the BLM decision, which is the true target of this action, might have been successful.
 
 
 10
 Because Franklin failed to exhaust his administrative remedies and exhaustion of those remedies was not excused, the district court did not err by dismissing Franklin's action for lack of jurisdiction.[1] See Doria, 608 F.2d at 1257.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Franklin's motions to strike various portions of appellee's answering brief are denied. Franklin's "Petition for Review to Set Aside" and request for sanctions against appellee are also denied