ELECTRIC STEEL FOUNDRY v. HUNTLEY, Collector of Internal Revenue, et al.

Circuit Court of Appeals, Ninth Circuit.
May 27, 1929.

No. 5744.

D. J. Malarkey, E. B. Seabrook, and A. M. Dibble, all of Portland, Or., for appellant.

George Neuner, U. S. Atty., and J. W. McCulloch, Asst. U. S. Atty., both of Portland, Or., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., George G. Witter, Sp. Atty. Bureau of Internal Revenue, of Los Angeles, Cal., and Harrison F. McConnell, Sp. Atty. Bureau of Internal Revenue, of Washington, D. C., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This was a suit by a corporation taxpayer against the United States collector of internal revenue and his deputy to cancel and annul an income and profits tax waiver executed by the secretary of the corporation, on the ground that the waiver was procured by duress and on the further ground that the secretary was without authority to bind the corporation. The bill of complaint was dismissed on motion in the court below for the reason that the United States was a necessary party, and the plaintiff has appealed.

■ The purpose of the waiver was to extend the period of the statute of limitations for the collection of a tax by distraint or by suit, and, if the instrument has any virtue at all, it is as a contract between the taxpayer and the United States. That such a contract cannot be annulled or canceled in a suit against officers of the United States to which the United States is not a party would seem too plain to admit of discussion. No doubt the government is not a necessary party to a suit against an officer to compel him to perform ministerial duties enjoined by law, to restrain him from acting illegally or without authority of law, or in an action of trespass or for a tort. But this is not such a case. In the cases to which we have referred the judgment in no wise impairs the rights of the United States and does not affect it in its property or property rights, while here the decree will have the contrary effect if it be given any effect at all.

The distinction between the two classes of

cases is clearly pointed out in Sanders v. Saxton, 182 N. Y. 477, 75 N. E. 529, 1 L. R. A. (N. S.) 727, 108 Am. St. Rep. 826. There a landowner brought an action against the commissioners of the land office of the state of New York and the comptroller of the state to have certain deeds executed by the comptroller to the people of the state for unpaid taxes adjudged illegal and void. In reversing a decree in favor of the landowner, the Court of Appeals said:

"The action is both in effect and in form to cancel and remove the deeds to the people of the state of New York as clouds upon the plaintiff's title. The grantee in such a deed is plainly a necessary party to such an action, as it is the title of that grantee that is to be passed upon, and it cannot be adjudged void unless he is brought in court. No one would ordinarily think of disputing this proposition. The only reason for omitting to make the state a party in this case is that it cannot be made a party, and for that reason it is sought to avoid the immunity that the state possesses by making its officers parties in its stead. But it is also settled by the decisions of the Supreme Court that 'the United States are not bound by a judgment to which they are not parties, and that no officer of the government can, by defending a suit against private persons, conclude the United States by the judgment.' Carr v. United States, 98 U. S. 433, 25 L. Ed. 209; United States v. Lee [106 U. S. 196, 1 S. Ct. 240, 27 L. Ed. 171], supra. Now, as the only object and purpose of a suit in equity to remove a cloud on the title to property is to have any adverse title that may be asserted under such cloud passed on and adjudged void, so that the plaintiff in possession may be forever afterwards free from any danger of the hostile claim, it would seem plain that, where the judgment in an action cannot conclude or bind a party claiming under the adverse title, the action must fail."

To the same effect, see Oregon v. Hitchcock, 202 U. S. 60, 26 S. Ct. 568, 50 L. Ed. 935; Louisiana v. Garfield, 211 U. S. 70, 29 S. Ct. 31, 53 L. Ed. 92; Goldberg v. Daniels, 231 U. S. 218, 34 S. Ct. 84, 58 L. Ed. 191; Wells v. Roper, 246 U. S. 335, 38 S. Ct. 317, 62 L. Ed. 755.

■ So here the only object and purpose of the suit was to destroy the waiver so that it could not be set up by the United States in opposition to a claim by the taxpayer that the right to collect the tax was barred by the statute of limitations. But a decree of the court in a suit against officers of the United States would not and could not deprive the government of the right to plead the waiver or destroy its legal effect; and this much was conceded by the appellant on the argument before this court. Such being the case, a court of equity will not enter a decree that binds no one and determines nothing.

The decree of dismissal is affirmed.