### UNITED STATES v. NATIONAL GYPSUM CO.

Civil Action No. 156.

District Court, W. D. New York.

Jan. 19, 1942.

George L. Grobe U. S. Atty., and Joseph J. Doran, Asst. U. S. Atty., both of Buffalo, N. Y., for plaintiff.

Elmer E. Finck, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

This is a suit brought to have declared void two leases covering certain lands within the boundaries of the Tonawanda Reservation in this District and also for an order directing the defendant to account for the value of certain minerals mined and removed therefrom. The defendant moved, pursuant to Rules 19 and 20 of the Federal Rules of Civil Procedure, 28 U.S.C.A following section 723c, for an order bringing in the State of New York as a party defendant and directing the plaintiff to summon it to appear in this action. In opposition to this motion the plaintiff maintained that this court had no jurisdiction of a suit between the United States and the State of New York and that therefore it was without power to make the order sought. It urged that section 233 of the Judicial Code, 28 U.S.C.A. § 341, gives the Supreme Court exclusive jurisdiction where a state is a party; that the United States and a State sovereignty, with certain limitations, are immune from suit, except where such sovereignties consent to be sued. The plaintiff further urged that there is no real controversy between it and the State of New York; that the State of New York was not a party to the leases mentioned in the bill of complaint; that all that the defendant claims and all that could be claimed is that a determination of this suit would necessarily involve the construction of a statute enacted by the legislature of the State of New York.

The defendant corporation is the lessee under two different leases purporting to be executed on behalf of said Nation by attorney, pursuant to authority conferred by Chapter 394 of the Laws of 1873 (N.Y.), now Section 85 of the Indian Law of the State of New York. The complaint alleges that these lands constituting the present Tonawanda Reservation were acquired from private owners by the United States pursuant to a Treaty which provided that the lands so acquired should be held by the Secretary of the Interior of the United States in trust for the said Indians until the Legislature of the State of New York should designate a person to hold said lands, whereupon they should be conveyed by the Secretary of the Interior to the person so designated. The State of New York thereafter passed legislation designating the Comptroller to hold said land in trust for the Tonawanda Band of Indians, and thereafter on February 14, 1862, the Secretary of the Interior by deed conveyed the lands in question in fee simple to the Comptroller of the State of New York in trust for said Indians. Chapter 283 of the Laws of 1861 of the State of New York made provision for the administration of the Tonawanda Reservation of Indians. Pursuant to Chapter 394 of the Laws of 1873, now Section 85 of the Indian Law of the State of New York, the leases in question were executed. It is the contention of the government, as well, that Section 85 aforesaid contravenes the Constitution, laws and treaties of the United States. While, as stated, the complaint asks for an accounting for minerals removed, it is understood that such accounting has been already given.

It is the claim of the defendant that the State of New York is an indispensable party for the reason that a final decree can not be entered without adversely affecting its rights. In support of this the defendant cites Federal Rules of Civil Procedure, sec. 12(b), 19; Massachusetts Farmers Defense Committee v. United States, D.C., 26 F.Supp. 941; Barr v. Rhodes, D.C., 35 F.Supp. 223; Wyoga Gas & Oil Corp. v. Schrack, D.C., 27 F. Supp. 35; Samuel Goldwyn, Inc., v. United Artists Corp., 3 Cir., 113 F.2d 703; Viking Press, Inc., v. Goldman, D.C., 38 F.Supp. 1014; Louisiana v. Garfield, 211 U.S. 70, 29 S.Ct. 31, 53 L.Ed. 92; and California v. Southern Pacific Co., 157 U.S. 229, 15 S.Ct. 591, 39 L.Ed. 683. Defendant further contends that the State of New York is a necessary party, if not an indispensable party. It urges in this connection that complete relief can only be given by making the State of New York a party or otherwise the defendant would be subject to attack by the State. It cites Federal Rules

of Civil Procedure 19(b) 21; Carter Oil Co. v. Wood, D.C., 30 F.Supp. 875; Keene v. Hale-Halsell Co., 5 Cir., 118 F.2d 332.

The defendant also takes the position that the State of New York is subject to the jurisdiction of this court and points attention to the provisions of Title 28 U.S. C.A. §§ 41 and 371 (7th); 1 Foster "Federal Practice", 6th Ed., Sec. 103; and cases cited therein.

Since the making of the motion aforesaid, it has become unnecessary to determine the motion upon the grounds laid. The defendant has filed a writing signed by the Deputy Comptroller of the State of New York purporting to consent to the State being made a party herein and also a notice of appearance on behalf of the State of New York by the Attorney General of the State to be made effective in the event that such consent to be made a party is granted. The plaintiff states in its supplemental brief that it does not object to the State of New York being made a party if it can properly be made a party, but it says that neither the Deputy Comptroller nor the Comptroller has authority to file such a consent and so far as the Attorney General is concerned no authority is found to permit him to consent that the State of New York be made a party. That is the status of the matter as it now stands. The only questions now are those stated relative to the authority of the Comptroller or his Deputy to appear for the State. It is not contended that such lack of authority rests on any express provision.

It seems that the State of New York has such interest in this suit as entitles it to appear therein and defend. The lands in question were conveyed by deed from Caleb B. Smith, Secretary of the Interior of the United States, to Lucius Robinson, Comptroller of the State of New York, under deed dated February 14, 1862. This conveyance was in trust for the Tonawanda Indians. The constitutionality of the Act under which the leases in question were issued is directly at issue. It seems that the Comptroller is peculiarly the party to represent the State by nature of his duties as Comptroller and also by virtue of the deed aforesaid. This procedure on the part of the State of New York is further supplemented by the appearance of the Attorney General on behalf of the State. The Attorney General is in charge of all legal business of the State of New York, and it is his duty to prosecute and defend all actions in which the State is interested. Executive Law, Section 62. He specifically is authorized to represent the State where the constitutionality of an Act of the Legislature is involved. Section 68, Executive Law. The Court's attention is directed to the case of Consolidated Gas Co. v. Newton, D.C., 256 F. 238, in which the language of the opinion is particularly in point here.

The consent is, therefore, given to the State of New York to appear as a party defendant and to the appearance of the Attorney General of the State of New York as an attorney representing the State of New York.