JONES, Collector of Internal Revenue, v.
TOWER PRODUCTION CO. et al.

No. 2728.

Circuit Court of Appeals, Tenth Circuit.

Nov. 4, 1943.

Rehearing Denied Dec. 13, 1943.

John E. Garvey, Atty., Dept. of Justice, of Washington, D. C. (Samuel O. Clark, Jr.,

Asst. Atty. Gen., Sewall Key, Helen R. Carloss, and Lyle M. Turner, Sp. Assts. to Atty. Gen., and Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellant.

Paul G. Darrough, of Oklahoma City, Okl. (Valjean Biddison, of Tulsa, Okl., on the brief), for Tower Production Co.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

The Tower Production Company[1] brought this action against H. C. Jones, as Collector of Internal Revenue for the District of Oklahoma, and the Anderson-Prichard Refining Corporation.[2]

In its complaint Tower alleged that it is the owner of an undivided interest in three oil and gas leases covering certain blocks in Oklahoma City, Oklahoma, and certain funds derived from the sale of oil from such leases; that on December 2, 1932, A. C. Alexander, the then Collector of Internal Revenue for the Western District of Oklahoma, filed in the office of the county clerk a lien statement numbered 1279, stating that there were additional 1930 income taxes due and owing from Ben Wofford individually; that on November 25, 1932, a distraint warrant was issued by Alexander; that on April 19, 1938, Jones, who had become Collector of Internal Revenue for the Western District of Oklahoma, filed a levy against an undivided one-half interest in the leases and the funds referred to above, asserting that such interest and funds were subject to the lien; that the Refining Corporation is a pipe-line company which had been and is regularly running the oil produced from the leases; that upon the filing of the levy it withheld and still withholds sufficient funds accruing from the sale of oil from the leases to satisfy the asserted lien and that it will continue to hold such funds until determination has been made of the conflicting claims thereto; that Jones, as Collector, threatens to and will, unless enjoined, enforce such lien against Tower's interest in the leases and funds; that Wofford never owned any interest in such leases and funds; that Wofford held an undivided one-half interest in the leases solely as trustee for the Wofford Drilling Company, Inc.[3]; that prior to the

---

[1] Hereinafter called Tower.

[2] Hereinafter called the Refining Corporation.

[3] Hereinafter called the Drilling Company.

filing of the lien statement a receiver was appointed for the Drilling Company in the United States District Court for the Western District of Oklahoma; that such receiver took charge of such interest as the owner thereof and continued to exercise ownership of such interest until a proceeding was filed in such District Court for the reorganization of the Drilling Company; that Harry J. Brown, as trustee for the Drilling Company, succeeded to all the right and title to such interest of Brown, as receiver, and transferred such interest to Tower, and that Tower is now the owner and holder thereof.

That on November 26, 1932, Wofford entered into a contract with Albert S. Clinkscales and Brown by which he agreed to assign and transfer all his interest in the leases to the Drilling Company; that such agreement was made for the benefit of the Drilling Company, and that thereafter Wofford assigned and transferred to the Drilling Company all his right and title to such interest.

That the United States acquired no lien on or interest in the leases or the minerals produced therefrom or the proceeds thereof; that the levy made by Jones, as Collector, is void and that the warrant of distraint should be quashed, in so far as it affects the property of Tower; that the value of the property sought to be taken under the levy is in excess of $3,000; that Tower has no adequate remedy at law and will suffer irreparable injury, unless Jones, as Collector, is enjoined from enforcing the lien.

Tower prayed that Jones, as Collector, be enjoined from enforcing the lien and the warrant of distraint and from attempting to enforce the payment of the taxes owing by Wofford from the property of Tower, and that the warrant and levy be quashed, and that the Refining Corporation be decreed and directed to pay over all funds in its hands belonging to Tower, and for general relief at law or in equity.

In his answer, Jones set up that the United States was the real party in interest and had not given its consent to be sued; that the judgment in a prior action brought by Tower against the Refining Corporation, Jones, as Collector, and the United States was a bar to the instant action under the doctrine of res judicata. He denied Tower's claims of title.

From a decree enjoining Jones from attempting to enforce the alleged tax lien against Tower's interest in the leases and the funds, and adjudging that the warrant should be quashed, and that the Refining Corporation should pay the funds withheld by it over to Tower, Jones has appealed.

This controversy was before this court in a prior action brought by Tower against the Refining Corporation, Jones, as Collector, and the United States. See Jones v. Tower Production Company, 10 Cir., 120 F.2d 779. In that case, we held that the suit could not be maintained against the United States under 26 U.S.C.A. Int.Rev. Code, § 3679, because there was neither allegation nor proof that Tower had brought itself within the conditions and limitations to such a suit imposed by § 3679, supra. In our former opinion, we did not refer to the Act of March 4, 1931, 46 Stat. 1528, 28 U.S.C.A. § 901 et seq., an act to permit the United States to be made a party defendant in certain cases, because that Act then only applied to suits brought "for the foreclosure of a mortgage or other lien upon real estate, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises involved."

The Act of March 4, 1931, was amended by the Act of December 2, 1942, 56 Stat. 1026, 28 U.S.C.A. § 901 et. seq. Section 1, as amended, reads as follow:

"Upon the conditions herein prescribed for the protection of the United States, the consent of the United States is given to be named a party *in any suit which is now pending or which may hereafter be brought* in any United States district court, * * * having jurisdiction of the subject matter, *to quiet title to* or for the foreclosure of a mortgage or other lien upon real estate or personal property, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim *on the premises or personal property involved.*" (Italics ours.)

C. S. Davis, L. J. Horwitz, and Charles B. Cook were the owners of the leases on September 23, 1932. On that date, they entered into an agreement with Wofford whereby they agreed to assign him such leases in consideration of his drilling certain oil and gas wells thereon. On October 6, 1932, Wofford filed a notice of lis pen-

dens in the office of the county clerk of Oklahoma County, wherein he claimed to be the owner of an undivided one-half interest in such leases. On November 7, 1932, Davis, Horwitz, and Cook entered into an agreement with Wofford that superseded the agreement of September 23, 1932, whereby Wofford was to receive a one-half interest in the leases, in consideration of his drilling wells on the leased premises, after the same had been zoned for drilling by an ordinance of Oklahoma City.

On November 26, 1932, Wofford entered into a contract with Clinkscales and Brown, which recited that the Drilling Company was in financial difficulties and it was the desire of Clinkscales and Brown to render it financial assistance, and wherein it was agreed that the above-mentioned contracts of September 23, 1932, and November 7, 1932, should be assigned and transferred to the Drilling Company.

On June 28, 1933, Wofford, by written instrument, assigned an undivided one-fourth interest in the leases to the Unity Petroleum Company, pursuant to an agreement made by Brown, as receiver of the Drilling Company, with Unity, whereby Unity agreed to finance the drilling of certain wells on the leases by Brown, as receiver, and also assigned another undivided one-fourth interest in the leases to Brown, as receiver. The assignment was recorded in the office of the county clerk of Oklahoma County, Oklahoma, on June 26, 1933. The Drilling Company was thereafter reorganized under § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, its name changed to Tower Production Company, and the creditors of the Drilling Company became the stockholders of Tower.

■ The pleadings presented substantial issues of fact and law. There was evidence to support a finding that the beneficial title to an undivided one-half interest in the leases vested in Wofford in 1932, and that the tax lien of the United States attached to Wofford's interest therein, although the trial court ultimately decided that issue in favor of Tower. In order to grant the relief prayed for, it was necessary to adjudge whether the beneficial title to the undivided interest in the leases which Tower now owns ever vested in Wofford and whether the lien of the United States attached thereto and the funds derived therefrom. The real purpose of the action was to secure an adjudication that the beneficial title to an undivided one-half interest in the leases never vested in Wofford and that the tax lien of the United States never attached thereto. It was not the simple case where a Collector seeks to collect by distraint the taxes of one person out of the property of another. There was a real controversy, presenting substantial issues of law and fact, respecting the title to an interest in the leases and the funds and the claim that the lien of the United States attached thereto. It was necessary to determine that controversy before the relief sought could be granted. It was, in substance, an action to determine title and the rights of the United States under a tax lien asserted by it against such interest and the funds. Upon the issues thus presented, the United States was entitled to be heard.[4] The question of whether a suit is against the United States is not to be determined by the mere nominal party on the record, but by the issues presented and the effect of the judgment which can be entered in response to those issues.[5] The judgment entered in the instant case, in effect, removed the lien as a cloud upon the leases and the funds and directed the payment of the funds to Tower. We conclude that it was a suit against the United States.

■ The United States now can be made a party to the action under the Act of December 2, 1942, and the rights of Tower and the United States can be fully adjudicated and a binding decree entered.

The judgment is reversed and the cause remanded with instructions to permit the pleadings to be recast and the United States brought in as a party defendant.

---

4 State of Louisiana v. Garfield, 211 U.S. 70, 77, 78, 29 S.Ct. 31, 53 L.Ed. 92.

5 State of Oregon v. Hitchcock, 202 U.S. 60, 69, 26 S.Ct. 568, 50 L.Ed. 935; State of Kansas v. United States, 204 U.S. 331, 341, 27 S.Ct. 388, 51 L.Ed. 510.