## UNITED STATES v. CATTARAUGUS COUNTY.

### Civ. No. 2724.

District Court, W. D. New York.
June 4, 1946.

George L. Grobe, U.S. Atty., and John
J. Mahoney, Sp. Atty., both of Buffalo,

N. Y., and Floyd L. France, Department of Justice, of Washington, D. C., for plaintiff.

James S. Pierce, Co. Atty. of Cattaraugus County, of Franklinville, N. Y., for defendant.

Nathaniel L. Goldstein, Atty. Gen. of State of New York (Wendell P. Brown, First Asst. Atty. Gen., and Henry S. Manley, Asst. Atty. Gen., of counsel), amicus curiae in support of the motion.

KNIGHT, District Judge.

The complaint, averring that this action is brought "under the authority of the Attorney General of the United States and at the request of the Secretary of the Interior of the United States, in its own behalf, and in behalf of the Seneca Nation of Indians," proceeds to allege that this court's jurisdiction is invoked under Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1); that the Seneca Nation was and now is the owner of three described tracts of land within the Allegany Indian Reservation in the defendant county; that defendant unlawfully and without authority entered said land and constructed thereon a highway covering a strip about 2.10 acres in area under claim of a judgment of the N. Y. Supreme Court in a specified condemnation proceeding, which was wholly without authority and the court was without jurisdiction to enter said judgment as to said lands in the absence of the United States as a party to said proceeding and said lands, being tribal lands of the Seneca Nation of Indians, may not be taken from them by such proceedings.

Plaintiff prays for judgment: (1) declaring said condemnation proceedings to be without authority and of no effect and perpetually enjoining defendant from asserting any right, title or interest in said land or from interfering with the use and possession of the Seneca Nation of Indians thereto; (2) that said Nation be adjudged to be the owner and entitled to the possession of said lands and every part thereof.

The defendant now moves for an order dismissing the complaint upon the grounds: (1) that defendant has no present interest in the real property therein described; (2) that the complaint states no cause of action against the defendant county; (3) and/or that the State of New York be substituted or joined as defendant. The notice of motion recites that it is based upon the complaint and upon the laws of the State of New York and other matters of judicial knowledge, particularly Highway Law, Consol.Laws, c. 25, § 53.

The first ground for the motion is not clear. The statement that the defendant has no present interest in the real property described in the complaint may be construed as a disclaimer. If such, the plaintiff expresses willingness to take a judgment quieting title in the Seneca Nation as against the defendant and an injunction enjoining the defendant from asserting any further right, title or interest in the lands in question. Whatever the intent or construction, it is not a ground for this motion. It is a matter of defense.

Section 12(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, specifies six defenses that may be made by motion. Among these is "(6) failure to state a claim upon which relief can be granted." This rule is plainly applicable to the second stated ground for the motion.

While the stated third ground for the motion is not one for dismissal, it may have been intended as a motion to join under Rule 21 or a motion to substitute under Rule 25(c).

The lands in question are a part of a New York State highway running from East Randolph to Salamanca, through Red House, a village on the Allegany Reservation, New York, and known as Route No. 17. New York Highway Law § 341. A "State Highway" is distinct in the classification of highways, Highway Law, § 3. Section 30 of the New York Highway Law, prior to its repeal in 1944, provided: "If a state highway, proposed to be constructed or improved as provided in this article, (III) or which shall have been heretofore constructed, or which it is proposed to repair or reconstruct * * *, shall deviate from the line of the highway already

existing, the board of supervisors of the county * * *, shall provide the requisite right of way prior to the advertisement for proposals. * * *"

Section 53, Id., gives the State Department of Public Works "exclusive supervision and control, in the construction, * * * of all highways * * * constructed * * * by the state on any Indian reservations." Section 30, supra, as it now reads, authorizes the State Superintendent of Public Works on behalf of the state to "acquire by appropriation any and all property necessary for the construction, * * * of state highways," and the former authority of the county has been revoked. By statutes, Chapters 143 of the Laws of 1931, 622 of 1940 and 604 of 1942, the State of New York authorized the reimbursement to the County of Cattaraugus of moneys expended by the latter in obtaining lands for highway purposes on this reservation, and the particular lands in question were included. The East Randolph-Salamanca highway was built about 1930.

It is the contention of the defendant that a right of way for highway purposes over the particular 2.01 acres was lawfully acquired thru the condemnation proceeding aforesaid and by virtue of the foregoing statutes. The Act of Congress of February 19, 1875, 18 Stat. 330, Sec. 8, reads: "That all laws of the State of New York *now in force* concerning the laying out, altering, discontinuing, and repairing highways * * * shall be in force within said villages (including Red House) * * *; and all municipal laws and regulations of said State may extend over and be in force within said villages."

Section 311, Title 25 U.S.C.A. in effect since 1901, provides that "The Secretary of the Interior is authorized to grant permission upon compliance with such requirements as he may deem necessary, to the proper State or local authorities for the opening and establishment of public highways, in accordance with the laws of the State or Territory in which the lands are situated, through any Indian reservation or through any lands which have been allotted in severalty to any individual Indian under any laws or treaties but which have not been conveyed to the allottee with full power of alienation."

It is apparent that the plaintiff seeks the judgment prayed on the basis of the decision in Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235. Tho no reference is made to this case in the briefs filed on behalf of the defendant, we take it the claim is that the Minnesota decision applies only to lands "allotted in severalty" to Indians by the Federal government. Those of the Allegany reservation have not been allotted by the Federal government.

While the court in a proper case will take judicial notice of the public statutes of all states (Lamar v. Macou, 114 U.S. 218, 5 S.Ct. 857, 29 L.Ed. 94; In re Paramount Publix Corp., 2 Cir., 85 F.2d 83; Bauman v. Aluminum Co. of America, D.C., 58 F.Supp. 160), we do not believe that these have any bearing on the merits of this motion. Here all allegations of fact which are material and relevant are to be treated as admitted. The State's attorney says "The facts might constitute a prima facie cause of action if alleged relative to reservation lands in a western state" (obviously following United States v. Minnesota, supra). We see nothing in distinction. He points to allegations that the entry was done "unlawfully and without authority" and "wholly without authority", and "without jurisdiction" as conclusions "which add nothing to the significance of the facts pleaded." The same objection would obtain as to a complaint brought in a western state. It is quite true that mere conclusions of law, standing alone, are not admitted by this motion. Flanigan v. Security-First Nat. Bank, D.C., 41 F.Supp. 77. We believe, however, that the allegation "without authority", etc., when read in connection with the alleged facts set forth in the complaint, is not to be construed as a "mere conclusion". Macleod v. Cohen-Erichs Corp., D.C., 28 F.Supp. 103; Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865; French v. French Paper Co.,[1]; United States v. Johns-Man-

---

[1] No opinion for publication.

298

ville Corp., 67 F.Supp. 291; Vide also Federal Rules of Civil Procedure, Rule 8, Edmunds Vol. 1, p. 261 et seq. and pp. 60-62, 1941 Sup. It was not necessary to plead the statutory requirement as to a permit. Motions to dismiss are not favored, and every fair intendment should be drawn in favor of the pleader. On this motion every fact well pleaded must be treated as admitted. Equitable Life Assurance Co. v. Brown, 213 U.S. 25, 29 S.Ct. 404, 53 L.Ed. 682; Payne v. Central Pacific R. Co., 255 U.S. 229, 41 S.Ct. 314, 65 L.Ed. 598. Rule 8(a) (2) requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e) says that every averment "shall be simple, concise, and direct." Unless it appears to a certainty that the plaintiff is entitled to no relief on the stated facts which could be proved, the complaint must be sustained. Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302.

Whether the Seneca Nation of Indians is an "essential" party plaintiff is another question presented. The relationship between the government of the United States and the Indians within its domain has been considered by the court in many cases. That relationship unquestionably is in the nature of guardian and ward. The statement in Worcester v. The State of Georgia, 6 Pet. 515, 31 U.S. 515, 8 L.Ed. 483, that "The power of Congress over the Indians and their tribal affairs is paramount and of a most sweeping character" has been followed many times by the courts. The status of the Indians on the Allegany reservation was extensively discussed by this court in United States v. City of Salamanca, D.C., 27 F.Supp. 541. The question now before us was considered, and it was held the Nation of Indians was not an "essential" party. Numerous actions have been brought by the United States as sole party plaintiff and sustained. Whether Indians on allotted lands or on lands not allotted makes no difference. "That the United States has the right in its own courts to bring such suits as may be necessary and appropriate for the protection of its Indian wards cannot be doubted." United States v. Inaba, D.C., 291 F. 416,

419. "This is so even though the Indian himself could bring the action." United States v. City of Salamanca, supra [27 F.Supp. 545.] The Seneca Nation has long been a corporation and capable of suing and being sued. Chap. 150, Laws of N.Y.1845, Vide also United States v. Erie County, N.Y., D.C., 31 F.Supp. 57; Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; United States v. Oklahoma Gas Co., 318 U.S. 206, 63 S.Ct. 534, 87 L.Ed. 716; United States v. Rickert, 188 U.S. 432, 23 S.Ct. 478, 47 L.Ed. 532. In the Minnesota case, supra [305 U.S. 382, 59 S.Ct. 295], the Supreme Court held that the United States was an indispensable party to a condemnation proceeding, and among other things said: "In its capacity as trustee for the Indians it is necessarily interested in the outcome of the suit—in the amount to be paid." If this is true as respects allotted lands as there, it follows that it is true with respect to tribal lands.

The exclusive control of the United States over the Indians extends "so far as is required by the pupilage of its wards" and has to do "with government and protection of the Indians themselves." Utah & Northern R. v. Fisher, 116 U.S. 28, 6 S.Ct. 246, 29 L.Ed. 542. Vide United States v. Forness, 2 Cir., 125 F.2d 928. The government is interested to see that any sale of lands is in the best interest of the Indians. What was paid for these lands and to whom paid does not appear. No law is lacking to support the right to sue and the United States is the real party in interest. Rule 17(a). We hold that the Seneca Nation of Indians is not an essential party plaintiff.

The third ground stated as for dismissal seems to intend that as an alternative for dismissal the state be substituted or joined as defendant. This does not state a ground for dismissal under Rule 12(b).

The state cannot be joined or substituted as a party defendant without its consent. United States v. National Gypsum Co., D.C., 42 F.Supp. 752. While asserting in its brief that "the propriety of permitting the State to be joined as a defendant * * * would seem to be ap-

parent", the state has not given such consent. Originally consenting, it withdrew consent when advised by the government that no constitutional question was involved.

The substitution or the addition of the State would oust this court of jurisdiction. Title 28 U.S.C.A. § 341. Were a constitutional question involved a joinder would have been permitted under Title 28 U.S.C.A. § 380. Thus joinder under Rule 21 or 25 is not permissible.

Certain other points raised by the defendant do not need consideration now. The complaint might well have been considerably amplified without doing violence to the rule. Other reasons for dismissal might have been presented, tho we think the result would not have been changed. The insufficiency of the pleading has been challenged only in the respects stated.

Whether the county has any interest as against which an injunction will attach, whether the state is the sole owner of any interest in the right of way and as such is an indispensable party and whether the Federal statute applies as respects the consent of the Secretary of the Interior present issues which will be triable when a sufficient defense has been interposed.

The motion is in all respects denied.